## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JONATHAN PACE, a minor, by
and through his mother, and next
friend, JULIA PACE, and JULIA
PACE, individually**,

**Plaintiffs,**

**v.**

**DOVER MOTORSPORTS, INC., et al.,**

**Defendants.**                                        **No. 07-587-DRH**


## ORDER

**HERNDON, Chief Judge:**

This matter comes before the Court on Plaintiffs' motion to dismiss Defendant Dover Motorsports, Inc. without prejudice (Doc. 9) and Plaintiffs' motion to remand (Doc. 10). While these motions should be straightforward, they have been complicated by what appears to be a drafting error on Plaintiffs' part. This error has led to confusion about who exactly is a defendant.

On June 25, 2006, Plaintiffs filed a Complaint in the Circuit Court of Madison County, Illinois. (Doc. 2, Ex. 1.) From the caption, it appears that Plaintiffs intended to sue only one legal entity: Dover Motorsports Inc., d/b/a Gateway International Motor Sports Corporation, d/b/a Gateway International Raceway. However, in the body of the Complaint, Plaintiffs identify Dover Motorsports and

Gateway International Motor Sports Corporation as separate legal entities and defendants.  (Doc. 2, Ex. 1, ¶¶ 1,4.)  The Complaint further alleges that Gateway International Raceway is owned or under the control of either Dover Motorsports and/or Gateway International Motor Sports Corporation. (Doc. 2, Ex. 1, ¶ 5.)

Although the caption of the complaint should contain the names of all parties, *see* **FED. R. CIV. P. 10(a)**, the "caption usually. . . is not determinative as to the parties to the action. . . .  If the body of the complaint correctly identifies the party of if the proper person actually has been served with process, courts generally will allow an amendment under Rule 15 to correct technical defects in the caption." **5 C. Wright & A. Miller, *Federal Practice and Procedure: Civil 2d* § 1321, at 726-30 (1990).  *See also Ordower v. Feldman*, 826 F.2d 1569, 1570 (7th Cir. 1987) (looking beyond the caption to determine the defendants in a case).**

It is abundantly clear from Plaintiffs' motion to remand (Doc. 17) that Plaintiffs believe that Dover Motorsports **and** Gateway International Motor Sports Corporation are named defendants in this suit, while Defendant Dover Motorsports' response (Doc. 18) makes it quite clear that they believe that they are the *only* Defendant in the case.  Obviously, this confusion must be cleared up before the Court proceeds on Plaintiffs' motion to dismiss Defendant Dover Motorsports (Doc. 9) and Plaintiffs' motion to remand (Doc. 10).  Therefore, the Court grants Plaintiffs' leave to amend their complaint - only as to the named parties in the caption - under **FEDERAL RULE OF CIVIL PROCEDURE 15**.  The amended complaint shall be filed no

later than October 12, 2007.

**IT IS SO ORDERED.**

Signed this 4th day of October, 2007.

/s/        DavidRHerndon
**Chief Judge**
**United States District Court**