IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JONATHAN PACE, a minor, by
and through his mother, and next
friend, JULIA PACE, and JULIA
PACE, individually,

Plaintiffs,

v.

GATEWAY INTERNATIONAL
MOTORSPORTS CORP. d/b/a
GATEWAY INTERNATIONAL
RACEWAY, and JOHN DOE,

Defendants.                                                No. 07-587-DRH

MEMORANDUM AND ORDER

HERNDON, Chief Judge:

I. Introduction

On June 25, 2007, Plaintiffs filed a Complaint in the Circuit Court of

Madison County, Illinois.  (Doc. 2, Ex. 1.)  From the caption, it appeared that

Plaintiffs intended to sue only one legal entity: Dover Motorsports Inc., d/b/a Gateway

International Motor Sports Corporation, d/b/a Gateway International Raceway.

However, in the body of the Complaint, Plaintiffs identified Dover Motorsports, Inc.

("Dover") *and* Gateway International Motor Sports Corporation, d/b/a Gateway

International Raceway ("Gateway") as separate legal entities and defendants.  (Doc.

2, Ex. 1, ¶¶ 1,4.)  After Plaintiffs filed a motion to dismiss Defendant Dover (Doc. 9)

and the present motion to remand (Doc. 10) and Defendant Dover filed a response

in opposition to the motion to remand (Doc. 11), the Court determined that the parties disagreed on who exactly was a named defendant in this matter.  Therefore, on October 4, 2007, the Court issued an Order directing the Plaintiffs to file an amended complaint in accordance with **FEDERAL RULE OF CIVIL PROCEDURE 15** in order to correct the caption to accurately reflect the named defendants. (Doc. 12.) On October 12, 2007, Plaintiffs filed an amended complaint, which clearly identified the Defendants in the caption as 1) Dover Motorsports Inc., 2) Gateway International Motorsports Corporation d/b/a Gateway International Raceway, and 3) John Doe. (Doc. 13.)  Subsequently, the Court entered an Order granting Plaintiffs' motion to dismiss Defendant Dover without prejudice. (Doc. 16.)

This matter is now before the Court on Plaintiffs' motion to remand. (Doc. 10.)  Defendant Dover filed a response in opposition. (Doc. 11.)  For the following reasons, the Court **DENIES** Plaintiffs' motion to remand. (Doc. 10.)

## II.  Analysis

As mentioned above, this case was originally filed on June 25, 2007 in the Circuit Court of Madison County, Illinois.  Defendant Dover was served on July 19, 2007 and filed a timely notice of removal on August 16, 2007. (Doc. 2.)  In the notice of removal (Doc. 2), Defendant Dover stated that the basis for removal was diversity jurisdiction pursuant to **28 U.S.C. § 1332**.  Defendant Dover argued that complete diversity of citizenship existed because Plaintiffs are citizens of Missouri and Defendant Dover is a Delaware corporation with its principal place of business

in Delaware.  In addition, Defendant Dover alleged facts that supported its argument that the amount in controversy clearly exceeds $75,000.

Plaintiffs' motion to remand, however, argues that the voluntary dismissal of Defendant Dover "removes the only basis for diversity jurisdiction of this action by this Court." (Doc. 10, ¶ 10.)  In addition, Plaintiffs quote *Doe v. Allied-Signal, Inc.*, 958 F.2d 908, 911 (7th Cir. 1993) for the proposition that "Courts should interpret the removal statute narrowly and presume that the Plaintiff may choose his or her forum."  Defendant Dover, responding prior to Plaintiffs filing their amended complaint which clarified that Dover *and* Gateway were named as separate defendants, argued that 1) Plaintiffs had failed to identify a defect in the notice of removal and  2) if the Court dismissed Dover that the entire action should be dismissed, since Dover insisted that it was the only legitimately named defendant. (Doc. 11.)

District courts have jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  **28 U.S.C. § 1332**.  A defendant may remove a case only if a federal district court would have original jurisdiction over the action.  *See* 28 U.S.C. § 1441; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).[1]  Furthermore, jurisdiction is determined as of the moment of removal.

---

[1] In pertinent part, **28 U.S.C. § 1441** states:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States

*In re Shell Oil Co.*, **970 F.2d 355, 356 (7th Cir. 1992).**   At the time that Defendant Dover filed the notice of removal, complete diversity existed and the amount in controversy exceeded $75,000.   Despite Plaintiffs' suggestion to the contrary, complete diversity remains even now that Dover has been dismissed.   The Court is, quite honestly, confused as to why Plaintiff believes that  complete diversity has ceased to exist.   The notice of removal states that both Plaintiffs are citizens of Missouri and Plaintiffs do not contest this fact.   Plaintiffs' Amended Complaint alleges that Defendant Gateway is an Illinois corporation with its principle place of business in Illinois. (Doc. 13, ¶ 4.)  Although Defendant Gateway has yet to be served, the time to serve Gateway has not yet expired, and therefore Gateway is still a defendant for purposes of determining diversity.[2]  Accordingly, the Court finds that complete diversity exists among the parties[3] and that the notice of removal sufficiently establishes that the amount in controversy exceeds $75,000.  Therefore, this matter properly falls within the Court's diversity jurisdiction.

---

have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending . . . .

[2] When a case has been removed from state court, as this matter has, service must be made upon any defendant not previously served within 120 days after the date of removal.  *See* **28 U.S.C. § 1448; Fed. R. Civ. P. 4(m).**

[3] Although Plaintiff's complaint contains a fifth count against a fictitious party described as "John Doe," the Court notes that **28 U.S.C. §1441(a)** provides that for purposes of removal, "the citizenship of defendants sued under fictitious names shall be diregarded."

### III.  Conclusion

Having established that diversity jurisdiction exists in this matter, the Court **DENIES** Plaintiffs' motion to remand. (Doc. 10.)  In addition, the Court further **FINDS AS MOOT** Plaintiffs' motion to stay further proceeding pending determination of jurisdiction. (Doc. 14.)

**IT IS SO ORDERED.**

Signed this 16th day of October, 2007.


/s/      DavidRHerndon
**Chief Judge**
**United States District Court**